## Bernhard Schipersky and Roman Schipersky, Appellants, v. Gustav Gartner et al., Appellees.

### Gen. No. 21,857.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon.
CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1915. Affirmed. Opinion filed December
30, 1916.

### Statement of the Case.

Action to foreclose a mortgage by Bernhard Schi-
persky and Roman Schipersky, complainants, against
Gutav Gartner and others, defendants, in which one
claiming title to the notes secured by the mortgage
filed an intervening petition. From a decree dis-
missing the bill and granting other relief, the com-
plainants appeal.

WALTER TRUC and JAMES S. WRIGHT, for appellants.

WILLIAM McKINLEY, for appellees; C. W. ARM-
STRONG, of counsel.

EDWARD J. GREEN, for appellee Aronowski.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1399*—*when master's findings of fact will
not be disturbed on appeal.* In an equity suit where the testimony
is conflicting and contradictory, requiring the master to pass on the
credibility of witnesses, his finding of facts will not be reversed
unless clearly and palpably contrary to the weight of the evidence.

2. MORTGAGES, § 503*—*when evidence justifies dismissal of bill
to foreclose.* On a bill to foreclose a mortgage by assignees of notes

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

secured thereby, who elected to foreclose in accordance with the terms of the mortgage on nonpayment of interest due on one of the notes, such notes having been assigned to the complainants by the deceased mortgagee in her lifetime, an intervening petition having been filed by the husband of the mortgagee, claiming to be the legal owner of the notes, where the evidence satisfactorily showed that the money loaned on the mortgage was that of the intervening petitioner, a decree dismissing the bill for want of equity, canceling the assignments and transfer of the notes to the complainant, declaring the intervening petitioner the legal and equitable owner of the notes and ordering the complainant to transfer them to him, *held* proper.

3. APPEAL AND ERROR, § 1488*—*when admission of improper evidence by master not ground for reversal.* In an equity suit, *held* that the defendant's objection that improper evidence was heard by the master need not be considered where the defendant's objection to such evidence was sustained by the master and he reported that he had not considered it in reaching his conclusions and there was evidence apart therefrom sufficient to warrant his conclusions and findings of fact.